UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNY WARDLOW,

        Plaintiff,

vs.                            Case No.   2:02-cv-528-FtM-29DNF
                                  Case No.   2:93-cr-102-FTM-29

UNITED STATES OF AMERICA,

        Defendant.
_____

**ORDER**

This matter comes before the Court on petitioner's Motion for Relief From Order Denying Petitioner's § 2255 Motion to Vacate Pursuant to Rule 60(b)(5), or in the Alternative, Rule 60(b)(6) of the Federal Rules of Civil Procedures (Doc. #8), filed on February 15, 2006.

Petitioner seeks relief from or reconsideration of the Court's July 29, 2003 Order (Doc. #910) denying his Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Plaintiff argues that the Court misconstrued the law in interpreting the term "statutory maximum." This is not petitioner's first request for relief from the July 29, 2003, Order, nor is it the first time he has raised this specific argument. On February 28, 2005, the Court denied petitioner's Motion for Relief From Order Denying Petitioner's § 2255 Motion, finding that United States v. Booker, 125 S. Ct. 738 (2005) did not

apply retroactively on collateral review such that the matter could be reopened to apply the "correct interpretation of the term 'statutory maximum.'" (See Doc. #995).

Defendant now relies upon Rule 60(b)(6), which allows a court to relieve a party from a final judgment if the motion is made within a reasonable time and there is a showing of "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). Fed. R. Civ. P. 60(b); Gonzalez v. Crosby, 125 S. Ct. 2641, 2645-46 (2005). Rule 60(b), like the rest of the Federal Rules of Civil Procedure, may be applied to a § 2255 proceeding "to the extent that they are not inconsistent with any statutory provision or these rules." RULES GOVERNING SECTION 2255 PROCEEDINGS, RULE 12.

More specifically, petitioner seeks relief under Rule 60(b)(5) or 60(b)(6) implicitly arguing that the Supreme Court's decision in Booker mandates relief. As previously stated, the Eleventh Circuit has held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)), cert. denied, 126 S. Ct. 312 (2005). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005); United States v. Rodriguez, 406 F.3d 1261, 1280 (11th Cir. 2005)("[n]o circuit, . . . has yet to suggest that Booker is retroactively applicable to collateral proceedings, . .

. [and], it is highly unlikely that any will."). Since petitioner's case became final prior to Booker, the issue cannot be raised in a § 2255 petition or in this Rule 60(b) motion.

Accordingly, it is now

**ORDERED**:

Petitioner's Motion for Relief From Order Denying Petitioner's 2255 Motion to Vacate Pursuant to Rule 60(b)(5), or in the Alternative, Rule 60(b)(6) of the Federal Rules of Civil Procedures (Doc. #8) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of February, 2006.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Parties of Record